

Gerald C. Mann
XXXXXXXXXXX.
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS

Hon. R. T. Hunnicutt
County Auditor
Val Verde County
Del Rio, Texas

Dear Sir:

Opinion No. O-1315
Re: Whether ex officio com-
pensation paid to a
sheriff is regarded as
fees of office and
should be so considered
in the annual fee report;
other related questions
pertaining to the annual
fee report of a county
officer.

Your letter of August 22, submits for an opinion
from this department the following question:

"1. Under the paragraph permitting the
Commissioners' Court to allow the sheriff of
a county an ex officio compensation in lieu
of fees not specifically provided for, are
we not correct in assuming that such ex offi-
cio compensation is properly regarded as fees
of office, and should be so considered in the
annual fee report?

"2. At the close of a year's work should
not all fees collected during the following
year be subject to the provision relating to
'fees earned in prior years'?

"3. Should an officer who claims to have
overpaid excess fees during the past years be
permitted to deduct such an amount from the
current fees, or should such a claim be pre-
sented to the Commissioners' Court and by them
be decided? Or, if not satisfactory, be car-
ried on to the proper channel?"

We wish to thank you for your supplemental letter under date of October 17th wherein you clarify the above stated questions.

In connection with your request Number One, you refer to Article 3934, Revised Civil Statutes, 1925, with the following comments:

"We have considered that the ex-officio compensation herein provided for constituted fees of office in lieu of those not specifically provided for. The application is better illustrated in the case of a sheriff earning in 1937 fees of $1400.00 and being paid an ex-officio compensation of $1000.00, making a total earning for the year of $2400.00, (the maximum provided for under Art. 3883.). The next year, 1938, he collects $600.00 fees earned during 1937.

"Should the $1000.00 ex-officio compensation not be considered 'fees of office', the sheriff would be entitled to retain all of the $600.00 as that would not put him in excess of the $3000.00 provided for in the second paragraph of Art. 3891;

"'In counties containing 25,000 or less inhabitants, District and County officers named herein shall retain one third of such excess fees until such one third, together with the amounts specified in Article 3883 amounts to $3,000.00'"

As to question Number Two, we quote from your letter as follows:

"It has been our contention that the officers annual fee report, showing the total compensation received for the year, should be held as the basis amount in determining whether or not fees collected in

following years are excess fees. Should ex-officio compensation not be classed as fees of office, the officer is entitled to reopen his past year's report and add subsequent collections to only a part of it."

Clarifying your question Number Three, we quote as follows:

"The Sheriff of this county collected $3,005.40 as fees of office during 1936. He paid into the county the sum of $5.40 as excess fees.

"In 1937, he collected $781.85 fees earned in 1936, which amount would be due the county under Art. 3892, (being in excess of $3,000.00 for the year 1936). The sheriff contends that during 1934 and 1935 he did not collect his full $3,000.00 and he retained $580.35 to cover the deficit in those two years, notwithstanding the fees were earned in 1936. Can the earnings of 1936 be retained for a deficit in prior years?"

Article 3934, Revised Civil Statutes, 1925, provides:

"Sheriffs shall also receive the following compensation:

"1. For all process issued from the Supreme Court or Courts of Civil Appeals, and served by them, the same fees as are allowed them for similar service upon process issued from the district court.

"2. For summoning jurors in district and county courts, serving all election notices, notices to overseers of roads and doing all other public business not otherwise provided for, not exceeding one thousand dollars per annum to be fixed by the commissioners court at the same time other ex-officio salaries are fixed, and to be paid out of the general

funds of the county; provided, that no such
ex-officio salary shall be allowed any
sheriff who had received the maximum salary
allowed by law."

Article 3895, Revised Civil Statutes of 1925,
as amended, provides:

"The Commissioners' Court is hereby de-
barred from allowing compensation for ex-
officio services to county officials when the
compensation and excess fees which they are
allowed to retain shall reach the maximum pro-
vided for in this chapter. In cases where
the compensation and excess fees which the
officers are allowed to retain shall not reach
the maximum provided for in this chapter, the
Commissioners' Court shall allow compensation
for ex officio services when, in their judg-
ment, such compensation is necessary, provided,
such compensation for ex officio services
allowed shall not increase the compensation of
the official beyond the maximum of compensation
and excess fees allowed to be retained by him
under this chapter. Provided, however, that ex
officio herein authorized shall be allowed only
after an opportunity for a public hearing and
only upon the affirmative vote at least three
members of the Commissioners' Court."

Article 3896, Revised Civil Statutes, as amended,
provides that each district, county and precinct officer
shall keep a correct statement of all fees earned by him
and all sums coming into his hands as deposits for costs,
together with all trust funds, fees of office and commis-
sions in a book or in books to be provided him for such
purpose, and further provides it shall be the duty of the
county auditor in counties having a county auditor to an-
nually examine the books and accounts of such officers,
and in counties having no county auditor, it shall be the
duty of the Commissioners' Court to make the examination
of said books and accounts.

Article 3897, Revised Civil Statutes, as amended,
provides:

"Each district, county and precinct of-
ficer, at the close of each fiscal year (Decem-
ber 31st) shall make to the district court of

the county in which he resides a sworn state-
ment in triplicate (on forms designed and
approved by the State Auditor) a copy of which
statement shall be forwarded to the State
Auditor by the clerk of the district court
of said county within thirty (30) days after
the same has been filed in his office, and
one copy to be filed with the county auditor,
if any; otherwise said copy shall be filed
with the Commissioners' Court. Said report
shall show the amount of all fees, commissions
and compensations whatever earned by said of-
ficer during the fiscal year; and secondly,
shall show the amount of fees, comissions and
compensations collected by him during the
fiscal year; thirdly, said report shall con-
tain an itemized statement of all fees,
commissions and compensations earned during
the fiscal year which were not collected,
together with the name of the party owing said
fees, commissions and compensations * * *"

We would also call your attention to the latter
paragraphs of Article 3891, Revised Civil Statutes, as
amended, which provides:

"All current fees earned and collected
by officers named in Article 3883, during any
fiscal year in excess of the maximum and ex-
cess allowed by this Act, and for their
services and for the services of their depu-
ties and assistants and authorized expenses,
together with all delinquent fees collected
and not used as provided in Article 3892, or
used to pay salaries of deputies and assistants
when current fees are insufficient, shall be
paid into the County Treasury in the county
where the excess accrued.

" * * *

"The compensations, limitations and maxi-
mums herein fixed in this Act for officers
shall include and apply to all officers men-
tioned herein in each and every county of this

State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

Article 3892, Revised Civil Statutes, as amended, provides:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees where charged, and also retain the amount of excess fees authorized by law, and the remainder of delinquent fees for that fiscal year shall be paid as herein provided for when collected;

provided, the provisions of this Article shall
not apply to any officer after one year from
the date he ceases to hold the office to which
any delinquent fee is due, and in the event
the officer earning the fees that are delin-
quent has not collected the same within twelve
months after he ceases to hold the office,
the amount of fees collected shall be paid in-
to the county treasury. Provided, however,
that nothing in this Act precludes the payment
of ex officio fees in accordance with Title 61
of the Revised Civil Statutes of Texas, 1925,
as part of the maximum compensation. Provided,
that any change made in this article by this
Act shall not apply to fees heretofore earned."

It is apparent from the provisions of Article
3895, supra, that any authorized compensation for ex-
officio services, including such sums authorized to be
allowed the sheriff under Article 3934, supra, could not
be allowed to increase the compensation of the official
beyond the maximum of compensation and excess fees al-
lowed to be retained by him.

In your first question, we assume that the sher-
iff earned in 1937 over and above the expenses of his
office and salaries of deputies, not only the $1400.00
which was reported collected, but the additional sum of
$600.00 which was reported in 1937 as uncollected. Under
this state of facts, and $3,000.00 being the total amount
of compensation the sheriff could legally receive for the
year of 1937, you are advised that since he only collected
$1400.00 in fees, he may legally retain all of the $600.00
of delinquent fees earned by him in 1937, but collected in
1938. These two sums make a total of only $2,000.00, in
fees earned and collected for that year, and since, under
the statute, he might retain $2400.00 without dividing with
the county, he may retain the $2,000.00. The $1,000.00
paid to him as ex officio compensation for said year, to-
gether with the $1400.00 and the $600.00 made his total
compensation $3,000.00, the limit he could receive for said
year. Should the sheriff collect any other delinquent fees
earned in 1937, they would belong to the county.

In this connection, we call your attention to the case of Anderson County v. Hopkins, 187 S.W. 1019, where the Court construed the foregoing statutes as contained in Vernon's Sayles Revised Civil Statutes, 1914, being substantially the same as the present amendments to said articles, and held that the commissioners' court was authorized to allow compensation for ex officio services, provided such compensation, together with the total amount of fees retained under such statutes did not amount to more than the maximum and excess fees authorized and further that ex-officio fees were not to be regarded as "excess fees," of which the officer can retain only one-third.

It is further our opinion, in answer to your second question, that the total compensation received for the year is properly held as a basis for determining the disposition of any delinquent fees earned in prior years.

In answer to your third question, under the facts submitted, it is our opinion that since the sheriff collected and retained for his services in 1936 the sum of $3,000, the total amount of compensation the law permitted him to retain for that year, the $781.35 collected by him in 1937, being delinquent fees earned by him in 1936, belongs to the county. No part of such delinquent fees may be retained by him, nor applied to make up any deficit in his compensation for the years 1934 or 1935.

In answering your questions, this opinion is to be construed only in the light of and as controlled by the specific facts presented in your supplemental letter to this department.

Trusting the above answers your questions, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Assistant

WMJK:ob/mm

APPROVED NOV. 29, 1939

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee